## COLUMBUS & SOUTHERN OHIO ELECTRIC CO. v WEST

Ohio Appeals, 2nd Dist, Franklin Co

No 3113.  Decided Feb 5, 1941

Henderson, Burr, Randall & Porter, Columbus, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Columbus; Perry L. Graham, and Maurice L. Schellenger, Asst. Attys. General, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The action as disclosed by plaintiff's petition sought a mandatory injunction compelling and requiring the defendant Registrar to accept and approve applications of plaintiff for registration of its motor vehicles for the period from April 1, 1938, to April 1, 1939, issue license plates therefor and accept from plaintiff the license fees thereon. It was alleged in the petition that the defendant illegally refused the applications of plaintiff on the incorrect theory that plaintiff had not paid the state of Ohio registration fees on said motor vehicles for the preceding year.

The sole issue in the action was whether a consolidated corporation is required to re-register, obtain new license plates and pay additional fees for motor vehicles formerly belonging to constituent corporations, when said constituent corporations have already registered the same for the same annual period, obtained license plates

therefor and paid the fees and taxes thereon.

Defendant filed a general demurrer to plaintiff's petition which upon hearing was overruled, and the defendant not desiring to plead farther, final judgment was entered for the plaintiff granting the relief prayed for. This is the final order from which error was prosecuted in this Court.

At the time of the filing of the petition and under some arrangement plaintiff deposited with the clerk of courts an amount of money which defendant was claiming as the defaulted tax charge, with the understanding that the disposition of the money would follow the final determination of the action.

Counsel for the respective parties have presented us very extensive briefs.

It is conceded to be the general rule that registration of any motor vehicle expires immediately upon the transfer of ownership. It is the claim of counsel for plaintiff that §8623-68 GC, provides an exception to the general rule.

The general rule is set out in §6294-1 which, in part, reads as follows:

"Upon the transfer of ownership of a motor vehicle the registration of such motor vehicle shall expire and it shall be the duty of the original owner to immediately remove such number plates from such motor vehicle."

The portion of §8623-68 which it is urged provides the exceptions to the general rule reads as follows:

"Such consolidated corporation shall be subject to all of the liabilities and duties of each of such corporations so consolidated; and all property, real, personal and mixed, and all debts and liabilities due to any of said constituent corporations on whatever account as well for subscription for shares as all other things in action of or belonging to each of such corporations shall be vested in the consolidated corporation and all property, rights, privileges, powers, franchises and immunities and **all and every other interest shall thereafter be as fully and effectually the property of the consolidated corporations as they were the property of the several and respective constituent corporations"**, etc. (Emphasis ours).

The claim is made that the terms "rights, privileges, powers, franchises and immunities" in the emphasized portion of the above section is broad enough to include the privilege originally granted to the constituent company by reason of its registration. We are unable to bring ourselves to the conclusion that §8623-68 may be given such a construction.

Under the first paragraph of the section it is provided, in substance, that when an agreement of consolidation is executed the separate existence of all of the constituent corporations shall cease except for the limited purpose hereafter specified. The procedural steps taken under this and cogent sections prescribes the method under which full and complete transfer is made to the new company. It is very evident that the Legislature when they enacted § -68 did not have in mind any possible effect that the language might have on registration of automobiles. As we understand the argument, the claim is made that the language is so broad as to be all-inclusive, and regardless of the specific things that the Legislature may have in mind, nevertheless the plaintiffs have the right to invoke it.

This theory of the law is sound and we frequently are confronted with similar situations.

However, when we find, as we do in the instant case, that the Legislature, through the enactment of §6294-1 GC, very positively and directly provided that upon the transfer of ownership of a motor vehicle the registration of such motor vehicle shall expire, courts will be very slow to interpret the general provisions of sections of law on other subjects as containing an exception to said §6294-1. We further think that a careful examination of the above quot-

524

ed portion from §8623-68 GC, will disclose that the construction attempted to be given it by plaintiff is not warranted under the language.

We analyze the section as follows: first, we start with the well-established theory that the registration of motor vehicles is an excise tax. A definition of an excise tax will be found in **101 Oh St p. 132.**

It grants a special personal privilege; being personal, it is not generally transferable. While §8623-68 refers to privileges as being transferred under consolidation, yet we do not think that this should be construed to mean privileges purely personal. There may be some question as to whether or not the term "personal" is applicable to corporations. We think it is, since corporations are sometimes referred to as fictitious persons. In any event, it is not in contemplation of the registration act that motor licenses may be transferred. The Legislature in the above quoted portion of the section was not considering rights, privileges, or powers that were purely of a personal nature. This is evident from the fact that it provides that the consolidation shall make the property rights, privileges, powers, franchises and immunities as fully and effectually the property of the consolidated corporation as they were the **property** of the several and respective constituent corporations.

The registration privilege granted to the constituent companies was not a property right, and hence can not come within the provisions of the quoted portion of the section. The Legislature is speaking of such rights, privileges, etc., as would constitute property, and very clearly states that after the consolidation the same shall be fully and effectually the property of the consolidated corporation, just the same as they were the property of the constituent company before consolidation.

It certainly is very evident that if the privilege under consideration in the instant case was not property before consolidation, it would not be afterwards.

We are forced to the conclusion that the trial court was in error in overruling the defendant's demurrer and thereafter allowing mandatory injunction as prayed for.

The judgment of the trial court will be reversed, and now coming to enter judgment that should have been entered by the trial court, demurrer to petition will be sustained and plaintiff's action dismissed.

HORNBECK, PJ. & GEIGER, J., concur.